UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PENNYMAC LOAN SERVICES, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | No. 5:24-CV-01480-DAE |
| vs. | § | |
| | § | |
| | § | |
| RENE TORRES, UNITED STATES OF AMERICA, ON BEHALF OF DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; AND CASTLE CREDIT CO. HOLDINGS, LLC,, | § § § § | |
| *Defendants*. | | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("Report") filed by the Honorable U.S. Magistrate Judge Richard B. Farrer. (Dkt. # 30.) Neither Plaintiff nor any Defendant has filed any objections. The Court finds this matter suitable for disposition without a hearing. After reviewing the Recommendation and the information contained in the record, the Court **ADOPTS** the Recommendation as the opinion of the Court and **GRANTS** Plaintiff's Motion for Default Judgment. (See Dkt. # 25.)

## BACKGROUND

The Court adopts and reproduces the facts as initially detailed in the Magistrate Judge's Report.

The Complaint alleges the following facts: Defendant Rene Torres made, executed, and delivered on October 20, 2021, to Pilgrim Mortgage LLC a promissory note by which she promised to pay Pilgrim Mortgage $186,558.00 plus interest and other costs. (Dkt. # 1 at 3 (citing Dkt. # 1-1 at 2-4 (Note)). Pilgrim Mortgage then indorsed the Note and assigned it to PennyMac Loan Services, LLC. Id. Also on October 20, 2021, Torres executed a deed of trust (Security Instrument) to secure the Note with real property at the mailing address 211 Moonstone Drive, San Antonio, TX 78223 (the "Property"). (Id.) "By executing the Security Instrument, Torres granted a lien on and recourse to the Property a breach thereunder." (Id. (citing Dkt. # 1- 1 at 6-19 (Security Instrument)).) "PennyMac is the record assignee of the Security Instrument under a certain Corporate Assignment of Deed of Trust . . . ." (Id. (citing Dkt. # 1-1 at 21-22 (Assignment)).)

The obligation established by the Note and Security Instrument (the "Loan") "was modified by virtue of a Loan Modification Agreement filed in the Bexar County Real Property Records on May 15, 2023 (Instrument number: 20230085774)." (Id. at 4 (citing Dkt. # 1-1 at 24-34 (Loan Modification

Agreement)). Torres later failed and refused to pay amounts that came due under the loan agreements, despite PennyMac's repeated demands for payment. (Id.) PennyMac thereafter "caused to be provided to Torres proper notice of the default described [in the Complaint] and its intent to accelerate the indebtedness." (Id. (citing Dkt. # 1-1 at 36-41 (Notice of Default)). "Torres' continued breach under the Loan has directly and proximately caused damages to PennyMac in that amounts due to PennyMac remain unpaid, and in that PennyMac is incurring fees and expenses to enforce its rights under the Loan and to protect its security interest in the Property." (Id.)

PennyMac further states in its Complaint that Torres has not cured the default described in the Notice of Default, and PennyMac therefore has a right to require immediate payment of all sums due to it under the terms of the Security Instrument. (Id.) PennyMac asserted in its Complaint that the unpaid principal balance due and payable under the Loan and secured under the Security Instrument as of the filing of its filing was $132,069.83, exclusive of interest, late fees, costs, advances, and attorneys' fees and costs. (Id.)

PennyMac sued on December 31, 2024, alleging Breach of Contract and seeking judicial foreclosure against Torres. (See generally id.) It also named as Defendants the United States on behalf of the Secretary of Housing and Urban Development ("HUD") and Castle Credit Co. Holdings, LLC ("Castle Credit Co.")

on the grounds that each claims an interest in the real property that is the subject of the lawsuit. (Id. at 1-2 (stating these Defendants' interest and citing attached exhibits).) With respect to Torres, the Complaint states the following:

> For consideration, Torres promised to repay the Loan in installments. Torres breached such promise to the detriment of PennyMac. Thus, and in accordance with Texas Rule of Civil Procedure 735, PennyMac is entitled to a judgment quantifying the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs, and post-judgment interest), and judicial foreclosure upon the lien against the Property securing such amount.

(Dkt. # 1 at 4–5.)

PennyMac provides in its Complaint that it "[b]y virtue of filing this Complaint, PennyMac hereby accelerates all sums due under the Loan and demands payment in full of said amount," and that "[a]ll conditions precedent to the relief requests herein by PennnyMac have been performed or satisfied." (Id. at 5.)

The Complaint asks that the Court "quantify the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorney's fees and for expenses, advances, costs, and post-judgment interest) and grant foreclosure upon the lien securing such amount as remedy to PennyMac for Torres' breach of contract as herein alleged, deem all junior lienholders', if any, interest in the Property inferior to the superior interest of

PennyMac, and for all other relief Court deems appropriate." (Id. at 6). Furthermore, the Complaint requests attorneys' fees to the extent permitted under Texas Rule of Civil Procedure 735, stating that the terms of the Loan provide that PennyMac may be awarded all expenses incurred in pursuing remedies provided for under the terms of the Loan. (Id. at 5.)

More than eight months after filing suit, PennyMac filed proof of service as to all three Defendants. (See Dkts. ## 8–10.) Review of the proof of service as to each Defendant reflects that the United States, on behalf of HUD, was purportedly timely served on February 12, 2025, and that defendants Rene Torres and Castle Credit Co. were timely served on February 18, 2025. (See id. (all sources)); see also Fed. R. Civ. P. 4(m) (providing that service must be completed within 90 days of filing the complaint). The Court later noted that "it is not clear that Defendant United States of America was properly served in accordance with [FRCP] 4(i)," (Dkt. # 11 at 1, and ordered PennyMac "to either provide a status update to this Court or, alternatively, move for default judgment against Defendants in accordance with Rule 55 of the Federal Rules of Civil Procedure, within fourteen days of the date of this Order." Id. at 2. PennyMac responded with a status update, (Dkt. # 12), and later filed new proof of service reflecting that Defendant United States was served on September 18, 2025. (Dkt. # 18. The United States has filed an answer. (See Dkt. # 19.)

PennyMac moved for a Clerk's Entry of Default against Rene Torres and Castle Credit Co. on September 12, 2025. (Dkt. # 14. The Clerk entered a default against both defendants on that same day. (Dkt. # 16). Several months later, the Court directed PennyMac to move for a default judgment against Torres and Castle Credit Co. on or before January 3, 2026, (Dkt. # 20), and PennyMac did so, slightly out-of-time, on January 6, 2026. (Dkt. # 25.) The Motion for Default Judgment provides that Defendants Torres and Castle Credit Co. have not answered or otherwise defended this matter despite having been served; that a Clerk's Enty of Default has been entered; that neither are infants or incompetent; that neither is eligible for relief or entitled to protection under the Servicemember Civil Relief Act, 50 U.S.C. App. 521; and that a hearing is not necessary to determine damages in view of Exhibit B to the Motion for Default Judgment, a statement of the debt which reflects that Torres owed $160,584.56 in damages as of January 30, 2026. (See generally Dkts. ## 25; 27 (proposed default judgment proposing the specific shape of relief).) This amount due consists of $132,069.83 in unpaid principal and the remainder in unpaid interest and other costs due under the loan agreements, which amount continues to accrue interest according to the Motion "per diem at $23.97 each day after January 30, 2026." (Dkt. # 5 at 2; see Dkt. # 25-2 at 47.) The Motion does not seek entry of default judgment against Defendant United States, on behalf of the HUD, in accordance with a separate

Consent Order entered by the Court on December 29, 2025. (Id.; see also Dkt. # 23 (Consent Order).)

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). Furthermore, conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable," and the Court here will not parse through the record to infer exactly what it is Plaintiff's

objections are based upon. See Palomo v. Collier, No. 2-23-CV-37, 2024 WL 180852, at *2 (S.D. Tex. Jan. 17, 2024) (citing Fed. R. Civ. P. 72(b)(2); Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003); Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)).

DISCUSSION

After careful consideration of the filings and the record, the Court **ADOPTS** the Magistrate Judge's Recommendation as the opinion of the Court. The Court finds that Judge Farrer's analysis is reasonable and absent of clear error.

The Magistrate Judge recommends that PennyMac be granted a judgment declaring PennyMac entitled to enforce its lien against the property through judicial foreclosure of the property in accordance with the terms of Deed of Trust and Texas Rule of Civil Procedure § 309. The Magistrate Judge's Report indicates that PennyMac should also be granted a judgment itself establishing that Castle Credit Co's interest in the property, to the extent it has any such interest, is inferior to the superior interest of PennyMac. PennyMac, however, does not seek, and should not be awarded, monetary relief against Castle Credit Co.

The Magistrate Judge further recommends that PennyMac should recover $160,584.56, which shall include principal in the amount of $132,069.83 and costs and expenses of $28,514.73 (which includes a reasonable and necessary award of attorneys' fees) owing and due under the loan agreements through

January 30, 2026, as well as interest that continues to accrue after January 30, 2026, as provided herein. Post-judgment interest shall continue to accrue after the date of judgement at the federal post-judgment interest rate as established by 28 U.S. Code § 1961 or the highest rate allowed by law. Plaintiff may add post-judgment interest and additional amounts owed that are incident to the foreclosure sale of the Property as allowed under the loan agreements and applicable law. As provided above, attorney's fees and other monetary damages may not be recovered against the United States, although the lack of any judgment against that Defendant does not preclude PennyMac from enforcing its lien against Defendants Torres and Castle Credit Co. and recovering monetary damages and attorneys' fees against Defendant Torres. The judgment should otherwise be limited as provided in the Consent Order. (See generally Dkt. # 23.)

Having carefully reviewed the Magistrate Judge's findings and the applicable law, the Court finds no clear error and agrees with the reasoning and recommendations set forth in the Report and Recommendation. Thus, the Court **ADOPTS** Judge Farrer's Report in full. (Dkt. # 30.) Accordingly, the Court GRANTS Plaintiff's Motion for Default Judgment (Dkt. # 30).

CONCLUSION

For the reasons given, the Court **ADOPTS** U.S. Magistrate Judge Richard B. Farrer's Report and Recommendation. (Dkt. # 30.) **IT IS ORDERED**

that Plaintiff's Motion for Default Judgment is **GRANTED**. The **CLERK** is **DIRECTED** to **ENTER DEFAULT JUDGMENT** for PennyMac. The **CLERK** is **FURTHER DIRECTED TO ENTER JUDGMENT** for PennyMac in the amount of $160,584.56, which shall include principal in the amount of $132,069.83 and costs and expenses of $28,514.73, as well as any interest. The **CLERK** is **FINALLY DIRECTED TO CLOSE** the case.

**IT IS SO ORDERED**.

**DATED:** Austin, Texas, August 18, 2026

______________________________________

David Alan Ezra
Senior United States District Judge